# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# 14-80200-CR-RYSKAMP/HOPKINS
CASE NO.

50 U.S.C. § 1705(a)
18 U.S.C. § 2

UNITED STATES OF AMERICA

vs.

RUSSELL HENDERSON MARSHALL, and
UNIVERSAL INDUSTRIES LIMITED, INC.,

**Defendants.**

_____/

FILED by **KZ** D.C.
ELECTRONIC

**Oct 22, 2014**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## INFORMATION

The United States Attorney charges:

## GENERAL ALLEGATIONS

At all times material to this Information:

### The Statutes and Regulations

1.      The President of the United States of America, by virtue of the International Emergency Economic Powers Act (IEEPA), Title 50, United States Code, Sections 1701 et seq., was granted authority to deal with unusual or extraordinary threats to the national security, foreign policy, and economy of the United States.

2.      Under Title 50, United States Code, Section 1705(a), of IEEPA, it was a federal criminal offense for a person or entity to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under that chapter.

3.      On August 17, 2001, pursuant to IEEPA, the President of the United States issued Executive Order 1322 declaring a national emergency due to the unrestricted access of foreign parties to United States goods and technology, and extended the Export Administration

Regulations (EARs), Title 15, Code of Federal Regulations, Sections 730-774.  Since then, the President has issued annual Executive Notices extending that national emergency through the date of this Information.

      4.     Pursuant to the authority delegated to the Secretary of Commerce, the EARs were issued by the United States Department of Commerce to control the export of United States goods and technology through licenses and other requirements before such items could be lawfully exported from the United States.

      5.     The EARs restricted the export of United States goods and technology that the Department of Commerce had determined could make a significant contribution to the military potential of other countries or that could be detrimental to the foreign policy or national security of the United States.

      6.     Under Title 15, Code of Federal Regulations, Section 766.25(a), of the EARs, the Department of Commerce could deny the export privileges of any person or entity convicted under Section 38 of the Arms Export Control Act (AECA), 22 U.S.C. § 2778, a law that authorizes the President to control the export of United States military equipment and technology.

      7.     Under Title 15, Code of Federal Regulations, Section 736.2(b)(4), of the EARs, the Department of Commerce could prohibit any individual or entity under a denial order from taking any action in violation of the denial order, to include participating in any transaction involving the export of goods or technology from the United States.

      8.     Under Title 15, Code of Federal Regulations, Sections 764.2 and 764.3(b)(2), of the EARs, the Department of Commerce could pursue criminal prosecution for any conduct that constitutes a willful violation of the EARs, or any order, license, or authorization issued thereunder, to include any denial order based on a conviction under Section 38 of AECA.

2

### The Export-Controlled Items

9.     Under Title 15, Code of Federal Regulations, Section 774, Supplement No. 1, of the EARs, the Department of Commerce formulated a Commerce Control List (CCL) on which United States goods and technology subject to its export regulations are categorized by Export Control Classification Number (ECCN).

10.     The temperature transmitter used on F-16 fighter jets, described more fully as "Transmitter, Temperature Electric Resistance," bearing Manufacturer's Part No. 4034T94P02 and National Stock Number 6685-00-208-2898, was controlled under ECCN No. 9A619.x of the CCL for anti-terrorism, national security, and regional stability reasons.

11.     The saddle part used on the J-69 engine for the T-37 military trainer aircraft, described more fully as "Saddle Part Number 723865-101" was controlled under ECCN No 9A619.x, of the CCL for anti-terrorism, national security, and regional stability reasons.

### The Defendants

12.     Defendant **RUSSELL HENDERSON MARSHALL,** a citizen of Canada, legal permanent resident of the United States, and resident of Palm Beach County, Florida, was the Vice President of Universal Industries Limited, Inc.

13.     Defendant **UNIVERSAL INDUSTRIES LIMITED, INC. (UNIVERSAL INDUSTRIES)**, was a corporation located in Boynton Beach, Florida, formed and registered under the laws of the State of Florida, and involved in the sale of United States military technology.

14.     On or about August 19, 2011, **UNIVERSAL INDUSTRIES** was convicted of a criminal violation under Section 38 of AECA for attempting to export from the United States to Singapore certain military aircraft parts without having first obtained a proper license or written

authorization.

15.     On or about July 27, 2012, the Department of Commerce issued a denial order against **UNIVERSAL INDUSTRIES** suspending its export privileges for three years from the date of its conviction, thereby prohibiting **UNIVERSAL INDUSTRIES**, its successors, agents, and employees, from participating in any transaction involving any commodity that would be exported from the United States, and revoking all export licenses in which it had an interest at the time of its conviction.

## COUNT 1

1.     Paragraphs 1 through 15 of the General Allegations above are restated and realleged as if fully set forth herein.

2.     From on or about November 19, 2012, until on or about October 21, 2013, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**RUSSELL HENDERSON MARSHALL and
UNIVERSAL INDUSTRIES LIMITED, INC.,**

did knowingly and willfully engage in negotiations concerning selling, delivering, or otherwise servicing a transaction involving an item to be exported from the United States to the Kingdom of Thailand and subject to IEEPA and the EARs, that is, three (3) temperature transmitters used on F-16 fighter jets, in violation of a Department of Commerce denial order; all in violation of Title 50, United States Code, Section 1705(a); Title 15, Code of Federal Regulations, Sections 736.2(b)(4), 764.2, and 764.3(b)(2); and Title 18, United States Code, Section 2.

## COUNT 2

1.     Paragraphs 1 through 15 of the General Allegations above are restated and realleged as if fully set forth herein.

4

2.       From on or about December 3, 2012, until on or about January 11, 2013, in Palm

Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**RUSSELL HENDERSON MARSHALL and**
**UNIVERSAL INDUSTRIES LIMITED, INC.,**

did knowingly and willfully engage in negotiations concerning selling, delivering, or otherwise

servicing a transaction involving an item to be exported from the United States to the Islamic

Republic of Pakistan and subject to IEEPA and the EARs, that is, a saddle part for the J-69 engine

used on T-37 military trainer aircraft, in violation of a Department of Commerce denial order; all

in violation of Title 50, United States Code, Section 1705(a); Title 15, Code of Federal

Regulations, Sections 736.2(b)(4), 764.2, and 764.3(b)(2); and Title 18, United States Code,

Section 2.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

MICHAEL WALLEISA
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 14-80200-CR-RYSKAMP/HOPKINS

vs.

**CERTIFICATE OF TRIAL ATTORNEY\***

BRIAN HENDERSON MARSHALL and
UNIVERSAL INDUSTRIES LIMITED, INC.,
                    Defendants.
_____/

**Superseding Case Information:**

**Court Division:** (Select One)

|         |           |         |       |
|---------|-----------|---------|-------|
| ___     | Miami     | ___ Key West | ___ |
| _X_ FTL | ___ WPB   | ___ FTP |       |

New Defendant(s)                     Yes _____ No _____
Number of New Defendants
Total number of counts                              2

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No)    No
    List language and/or dialect_____

4.  This case will take    0    days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)

    |     |                 |     |     | (Check only one) |     |
    |-----|-----------------|-----|-----|------------------|-----|
    | I   | 0  to  5 days   | _X_ |     | Petty            | ___ |
    | II  | 6  to 10 days   | ___ |     | Minor            | ___ |
    | III | 11 to 20 days   | ___ |     | Misdem.          | ___ |
    | IV  | 21 to 60 days   | ___ |     | Felony           | _X_ |
    | V   | 61 days and over| ___ |     |                  |     |

6.  Has this case been previously filed in this District Court?    (Yes or No)      No
    If yes:
    Judge: _____    Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?        (Yes or No)    Yes
    If yes:
    Magistrate Case No.                          14-83420DLB
    Related Miscellaneous numbers:               11-80058-CR-MARRA
    Defendant(s) in federal custody as of        8-19-14
    Defendant(s) in state custody as of          _____
    Rule 20 from the _____    District of _____

    Is this a potential death penalty case? (Yes or No)       No

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to  October 14, 2003? _____      Yes    _X_ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____      Yes    _X_ No

_____
MICHAEL WALLEISA
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 539570

\*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: RUSSELL HENDERSON MARSHALL

**Case No:** 14-80200-CR-RYSKAMP/HOPKINS

Counts: 1 and 2

Knowingly and willfully violate the Order of Debarment issued by the United States Department of

Commerce issued against Universal Industries Limited Inc. in violation of

Title 50, United States Code, Section 1702

**\* Max. Penalty:** 20 years' Imprisonment

Counts:

_____

_____

**\*Max. Penalty:**

Count:

_____

_____

**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms
or forfeitures that may be applicable.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: UNIVERSAL INDUSTRIES LIMITED INC.

**Case No:**  *14 - 80200 - CR - RYSKAMP/HOPKINS*

Counts:   1 and 2

Knowingly and willfully violate the Order of Debarment issued by the United States Department of

Commerce issued against Universal Industries Limited Inc. in violation of

Title 50, United States Code, Section 1702

**\* Max. Penalty:** 20 years' Imprisonment

Count:

**\*Max. Penalty:**

Count:

**\*Max. Penalty:**

Count:

**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms
or forfeitures that may be applicable.