UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14- 80200-CR-MARRA

UNITED STATES OF AMERICA,

    Plaintiff,                              STIPULATED REQUEST FOR JUDICIAL
                                                REMOVAL OF RUSSELL HENDERSON
                                                MARSHALL

v.

RUSSELL HENDERSON MARSHALL,

    Defendant.
_____

        Defendant, Russell Henderson Marshall, (hereinafter "defendant") and plaintiff United States of America, hereby agree and stipulate pursuant to Title 8, United States Code, Section 1228(c)(5), to the following:

1.      Defendant's right to notice and hearing before an immigration judge prior to removal from the United States has been fully explained to him by his attorney and defendant understands and waives the right to notice and a hearing before an immigration judge prior to removal from the United States.

2.      Defendant's right to a judicial removal proceeding has been fully explained to him by his attorney and defendant understands and acknowledges that he is waiving his right to examine the evidence against him that establishes that he is removable from the United States and present any evidence on his own behalf that establishes he is not subject to removal from the United States.

3.      The Court should enter a judicial order that defendant be removed from the United States.

4.      The facts in support of this request are as follows:

        a.      Defendant is a citizen of Canada and Barbados.

b. On April 22, 2011, the defendant was arrested and charged and Fraud-False Statement in violation of Title 18, United States Code, Section 1001(a)(2) and Violation of the Arms Export Control Act, Title 22, United States Code, Section 2778.

c. On August 19, 2011, the defendant was adjudicated guilty of Fraud-False Statement in violation of Title 18, United States Code, Section 1001(a)(2).

d. The defendant has been deemed inadmissible to the United States due to his conviction for a violation of Title 18, United States Code, Section 1001(a)(2)

e. The defendant was arrested on August 19, 2014 and charged with violating the International Emergency Economic Powers Act, Title 50, United States Code, Section 1705 and the Export Administration Regulations, Title 15, Code of Federal Regulations, Sections 736.2 and 764.2.

f. Defendant is entering into this stipulation as a condition of his plea agreement in this case. In that plea agreement, defendant agreed (1) to plead guilty to Count 1 of the Information, which count charges the defendant with knowingly and willfully engaging in negotiations concerning selling, delivering, or otherwise servicing a transaction involving an item to be exported from the United States to the Kingdom of Thailand and subject to IEEPA and the EARs, that is, three (3) temperature transmitters used on F-16 fighter jets, in violation of a Department of Commerce denial order; all in violation of Title 50, United States Code, Section 1705(a); Title 15, Code of Federal Regulations, Sections 736.2(b)(4), 764.2, and 764.3(b)(2); and Title 18, United States Code, Section 2; and to Count 2 of the Information, which count charges the defendant with knowingly and willfully engaging in negotiations concerning selling, delivering, or otherwise servicing a transaction involving an item to be exported from the United

States to the Islamic Republic of Pakistan and subject to IEEPA and the EARs, that is, a saddle part for the J-69 engine used on T-37 military trainer aircraft, in violation of a Department of Commerce denial order; all in violation of Title 50, United States Code, Section 1705(a); Title 15, Code of Federal Regulations, Sections 736.2(b)(4), 764.2, and 764.3(b)(2); and Title 18, United States Code, Section 2.

  g. Defendant is removable from the United States pursuant to the following provisions of law:

    (1) Title 8 United States Code, Section 1227(a)(1)(B) in that after admission as a nonimmigrant under section 101(a)(15) of the Immigration and Nationality Act the defendant remained in the United States for a time longer than permitted.

    (2) Title 8 United States Code, Section 1227(a)(2)(A)(ii) in that after being admitted to the United States the defendant has been convicted of two crimes involving moral turpitude not arising from a single scheme of criminal misconduct.

    (3) Title 8 United States Code, Section 1227(a)(4)(A)(i) in that the defendant engaged in an activity to violate any law of the United States relating to violating or evading any law prohibiting the export from the United States of goods, technology or sensitive information.

  h. Defendant waives any right to seek and apply for asylum pursuant to Title 8 United States Code, Section 1158, or withholding from removal pursuant to Title 8, United States Code, Section 1231(b)(3), or protection under the Convention Against Torture pursuant to Title 8, Code of Federal Regulations, Section 1208.16-18.

      i.      Defendant waives any right to seek and apply for a waiver pursuant to Title 8, United States Code, Section 1227(a)(H), as an alien who was inadmissible at time of admission for willful or innocent misrepresentations made to gain entry into the United States.

      j.      Defendant waives his right to appeal the Judicial Order of Removal.

      5.      Accordingly, defendant and the United States jointly request that the Court, after imposing sentence, order that defendant be removed from the United States so that promptly upon defendant's satisfaction of his sentence, or upon the determination of his eligibility and acceptance into the International Prison Transfer Program, the United States Immigration and Customs Enforcement may execute the order of removal according to the applicable laws and regulations.

SO STIPULATED.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____    Date 2/6/15
MICHAEL G. WALLEISA
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____    2-4-2015
RUSSELL HENDERSON MARSHALL    Date
Defendant

I am RUSSELL HENDERSON MARSHALL's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____          2-4-2015
LEONARD SANDS, ESQ                         Date
Counsel for Defendant
Russell Henderson Marshall